# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 21-175V
### Filed: April 18, 2024

---

KRISTI KELLEY,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Special Master Horner

---

*Sean Franks Greenwood, The Greenwood Law Firm, Houston, TX, for petitioner.*
*Benjamin Patrick Warder, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On January 6, 2021, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa, *et seq.* (2012) ("Vaccine Act"), alleging that she suffered transverse myelitis following receipt of an influenza ("flu") vaccination on November 30, 2017.  (ECF No. 1.)  On July 24, 2023, petitioner moved for an award of interim attorneys' fees and costs in the amount of $58,134.40.  (ECF No. 49.)  In response, respondent deferred to the special master regarding both the statutory requirements for an award of attorneys' fees and costs and appropriateness of an interim award.  (ECF No. 50, p. 2.)  To the extent there is an award of interim fees, respondent requests the undersigned exercise his discretion regarding the amount.  (*Id.* at 4.)  For the reasons discussed below, I award petitioner interim attorneys' fees and costs in reduced amount of $58,091.40.

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

## I.      An Award of Interim Attorneys' Fees and Costs is Appropriate

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and . . . other costs."  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  Respondent has chosen not to challenge petitioner's good faith and reasonable basis for filing this claim.  (ECF No. 50.)  I agree.

Additionally, the Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act.  *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1374-75 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352.  In *Avera*, the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  *Shaw*, 609 F.3d at 1375 (quoting *Avera*, 515 F.3d at 1352).  In denying an interim fee award, the *Avera* court reasoned, "The amount of fees here was not substantial; appellants had not employed any experts; and there was only a short delay in the award pending the appeal."  515 F.3d at 1352.  In *Shaw*, the Federal Circuit clarified that "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees."  609 F.3d at 1375.  This case has been pending for three years, the entitlement hearing in this case is still nine months away, and petitioner has already incurred both attorneys' fees and expert costs in prosecuting her claim.  Accordingly, I find that petitioner's request for an award for interim attorneys' fees and costs is reasonable at this juncture.

## II.     Reasonableness of the Requested Award

### a.  Attorneys' Fees

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1347.  This is a two-step process.  *Id.* at 1347-48.  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"[2]  *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court

---

[2] A reasonable hourly rate is "the prevailing market rate, defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Avera*, 515 F.3d at 1348 (citation and quotation omitted).  The decision in *McCulloch* provides a further framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing

may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.

I have reviewed the billing records submitted with petitioner's request, and in my experience, the hourly rates billed for attorney time and paralegal time are all reasonable and in accord with prior awards made by other special masters. Additionally, the hours billed are reasonable as well.  Accordingly, I see no cause to reduce the amount requested for attorneys' fees.

### b.  Interim Attorneys' Costs

Attorneys' costs must also be reasonable.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).  An expert retained by the petitioner in the Vaccine Program will only be compensated at a reasonable hourly rate, and the petitioners have the burden of demonstrating that the expert costs incurred were reasonable.  *Simon v. Sec'y of Health & Human Servs.*, No. 05-941V, 2008 WL 623833, at *2 (Fed. Cl. Spec. Mstr. Feb. 21, 2008).

Based on my review, the costs requested are reasonable and sufficiently documented overall.  As noted in a separate docket entry, dated April 17, 2024, petitioner is seeking only the first $5,000.00 of Dr. Jeret's expert fee.  Petitioner's list of expenses includes one charge for $43, dated February 4, 2020 ("Invoice for record request") (ECF No. 48-2, p. 16), for which I could not locate any corresponding documentation (ECF No. 48-3).  Accordingly, petitioner's costs are reduced from the requested amount of $7,210.40 to $7,167.40.  Petitioner may seek to document that cost in her application for final attorneys' fees and costs.

## III.  Conclusion

In light of the above, petitioner's motion for an award of interim attorneys' fees and costs is hereby **GRANTED.**  Petitioner is awarded $58,091.40, representing $50,924.00 in interim attorneys' fees and $7,167.40 in interim attorneys' costs. **Accordingly, I award a total of $58,091.40 as a lump sum in the form of a check payable to petitioner and his counsel, Sean Franks Greenwood, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[3]

---

attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motions for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Office of Special Masters has subsequently updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online at http://www.cofc.uscourts.gov/node/2914.

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master